UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCUS I. JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) 15-CV-3109 |
| TERRY DURR, et al., | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

SUE E. MYERSCOUGH, U.S. District Judge.

Plaintiff, proceeding pro se and incarcerated in the Sangamon County Jail, seeks leave to proceed in forma pauperis on claims of deliberate indifference to his serious medical needs regarding a painful and chronic ear condition.  The Court explained to Plaintiff that he needs to name as defendants the medical professionals who are treating him, but Plaintiff has been unable to do so.  *See* Plaintiff's motions to compel, d/e's 5, 6, 8.

At this point, the most expedient way to discover the names of the medical providers is to serve the Complaint on Defendant Durr,

even though Durr cannot be liable if he reasonably relied on the professional judgment of the medical providers.  *See* Donald v. Cook County Sheriff's Dept., 95 F.3d 548, 556 (7th Cir. 1996)(to assist a pro se plaintiff in identifying defendants, court may "allow[] the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible.").  After counsel has appeared on Defendant Durr's behalf, then Plaintiff should send discovery requests to defense counsel to discover the names of the proper defendants.

**IT IS THEREFORE ORDERED:**

   **1)**   Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a claim for deliberate indifference to his serious medical needs.   This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

   **2)**   This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an

opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

    **3)**    The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from the date the waiver is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

    **4)**    With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

**5)** Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

**6)** This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does

not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

**7)** Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

**8)** Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**9)** If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

**10)** Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11)   Dr. Leonard Rybak, a private ear, nose, and throat specialist, is dismissed, without prejudice because no plausible inference arises that Dr. Rybak is a state actor.  If Plaintiff seeks to pursue a malpractice claim against Dr. Rybak, then Plaintiff must attach the affidavit and report required by 735 ILCS 5/2-622(a).

12)   Defendant "Sangamon County Medical Staff" is dismissed as a Defendant because the "staff" is not an identifiable entity that can be sued under 42 U.S.C. Section 1983.

13)   The clerk is directed to terminate Dr. Rybak and the Sangamon County Medical Staff.

14)   The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendant Durr pursuant to the standard procedures.

15)   The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**16)** **Plaintiff's motions to compel are denied with leave to renew after he tries to obtain the information from defense counsel (d/e's 5, 6, 8).**

ENTERED:    July 22, 2015

FOR THE COURT:

                                        **s/Sue E. Myerscough**
                                        SUE E. MYERSCOUGH
                            UNITED STATES DISTRICT JUDGE