UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCUS I. JOHNSON,             ) | |
| ) | |
|     Plaintiff,             ) | |
| ) | |
| v.             ) | 15-CV-3109 |
| ) | |
| TERRY DURR, et al.,             ) | |
| ) | |
|     Defendants.             ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff proceeds pro se from his incarceration in the Taylorville Correctional Center on claims of deliberate indifference to his serious medical needs in the Sangamon County Jail. In particular, he claims that Defendants failed to adequately treat Plaintiff's chronic and painful ear condition during his three and one-half years of detention at the Jail.

Defendants move for summary judgment. At this stage, the evidence is viewed in the light most favorable to the nonmovant, with material factual disputes resolved in the nonmovant's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A

genuine dispute of material fact exists when a reasonable juror could find for the nonmovant. Id. That means that, to survive summary judgment, Plaintiff must have enough admissible evidence for a reasonable juror to conclude that Defendants were deliberately indifferent to Plaintiff's serious medical needs. Thomas v. Cook County Sheriff's Dept., 604 F.3d 293, 301 n.2 (7th Cir. 2010); Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001).[1]

Defendants' evidence shows that Plaintiff did suffer from chronic and recurring problems with his ears. These problems included at various times yellow and green discharge, other ear drainage, redness and swelling, inner and outer-ear bacterial infections, impacted wax, sinus infections, swollen glands, sore throat, and pain. An inference of a serious medical need arises from this evidence.

The question is whether a reasonable juror could find that Defendants were deliberately indifferent. Deliberate indifference, is not negligence (malpractice) or even gross negligence. Chapman,

---

[1] The Seventh Circuit has indicated that the deliberate indifference standard may need to be revisited in light of Kingsley v. Hendrickson, 135 S.Ct. 2466 (2015), but deliberate indifference remains the standard at this point. Phillips v. Sheriff of Cook County, 828 F.3d 541, 544 (7th Cir. 2016)(applying deliberate indifference standard to detainees' claims of lack of medical care, but acknowledging Kingsley).

241 F.3d at 845 (citation omitted). Deliberate indifference is the conscious disregard of a known risk of substantial harm. Arnett v. Webster, 658 F.3d 742, 751 (7th Cir. 2011). Deliberate indifference in the medical context arises "'if the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment.'" Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011)(*quoting* Sain v. Wood, 512 F.3d 886, 894-95 (7th Cir. 2009). "A medical professional is entitled to deference in treatment decisions unless no minimally competent professional would have so responded under those circumstances." Sain, 512 F.3d at 894-95.

Defendants' evidence shows that the medical staff were attentive to Plaintiff's problems, examining Plaintiff, prescribing oral and topical antibiotics, pain medicine, nasal spray, steroids, and Benadryl. Medical staff saw Plaintiff ten times in 2013, fifteen times in 2014, and four times in 2015 until Plaintiff's transfer to the Illinois Department of Corrections in July 2015. Each time Plaintiff received examinations and prescriptions. Plaintiff's problems

waxed and waned over this time period, never completely remitting, or at least not for long. Plaintiff was referred to an ear-nose-and-throat specialist on February 20, 2014, who reported that Plaintiff's ears were clear, with no infection. However, despite the specialist's conclusions, Plaintiff continued to experience problems and continued receive treatment at the Jail for his ear problems. (Defs. Abraham, et al.'s Undisp. Facts 26-59.)

Plaintiff contends that Defendants wrongfully failed to identify dozens of medical staff at the Jail who played a part in Plaintiff's treatment. Plaintiff does not explain, though, why this matters. He does not contest that Defendants have set forth all of the medical care Plaintiff received regarding his ear problems, regardless of who rendered that care. Plaintiff does not offer admissible evidence that any of that medical care was so far afield from accepted professional standards to amount to deliberate indifference. Even if Plaintiff had named as a defendant everyone on the medical roster, he has no evidence of deliberate indifference.

Plaintiff also asserts that he does not believe he received all of his prescribed medicine. He made no allegation about that in his

Complaint, and his allegation is vague. He offers no evidence of which medicine he did not receive, what days he missed the medicine, or who was responsible for those missed doses. He also offers no evidence that the alleged missed doses were the result of deliberate indifference rather than mistakes.

Plaintiff next contends that the outside specialist was nervous and did not examine Plaintiff, but the medical staff at the Jail is not liable for the specialist's alleged failure to properly examine Plaintiff. There is no evidence that the medical staff at the Jail had any reason to question the specialist's conclusions. In any event, the medical staff at the Jail continued to treat Plaintiff for his ear problems even after the visit with the specialist.

Plaintiff admits that the medical staff "made a diligent attempt to treat as well as cure my 'then' diagnosed 'chronic ear condition,' by prescribing various medications . . . as well as ear drops for my ears." (Pl. Aff ¶ 3, d/e 52.) Plaintiff's primary argument is that he was misdiagnosed. Plaintiff asserts that the cause of all of his ear problems was a molar tooth. He maintains that, in September 2015, a dentist in the Taylorville Correctional Center made this

diagnosis and removed Plaintiff's molar tooth.  Plaintiff avers that, since the extraction of the tooth, he has had no more problems with his ears.  (Johnson Aff. ¶ 4, d/e 52, p. 1.)

Plaintiff has no admissible evidence that his ear problems were caused by his molar tooth.  The Court disregards Plaintiff's affidavit because the affidavit directly contradicts Plaintiff's deposition testimony.  Plaintiff testified under oath in his deposition that his ear problems continued at Taylorville Correctional Center.  (Pl.'s Dep. pp. 56-60.)  Plaintiff's deposition was taken in September 2016, one year after the prison dentist purportedly fixed all of Plaintiff's ear problems, yet Plaintiff maintained in his deposition that those problems continued.  Pourghaishi v. Flying J, Inc., 449 F.3d 751, 759 (7th Cir. 2011)("A plaintiff cannot, however, create an issue of material fact by submitting an affidavit that contradicts an earlier deposition.")

Even if the molar teeth were causing all of the ear problems, a missed diagnosis is not deliberate indifference.  Cesal v. Moats, 851 F.3d 714, 724 (7th Cir. 2017)(there is an "important difference between ordinary, or even aggravated, medical malpractice, and an

Eighth Amendment violation."); Burton v. Downey, 805 F.3d 776, 786 (7th Cir. 2015)("evidence that another doctor would have followed a different course of treatment is insufficient to sustain a deliberate indifference claim."). Plaintiff has no evidence that the medical staff's treatment approach was outside the acceptable standard of care, much less substantially so.

**IT IS ORDERED:**

    1) Defendants' motions for summary judgment are granted. (d/e's 45, 47.) The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff. This case is terminated. All deadlines and settings on the Court's calendar are vacated.

    2. Defendants may file a bill of costs within the time allotted by Local Rule. If Plaintiff objects to the assessment of costs based on indigency, he must file a timely objection and attach his trust fund ledgers for the past year.

    3. If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in

forma pauperis should identify the issues Plaintiff will present on appeal. See Fed. R. App. P. 24(a)(1)(c). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

ENTERED: July 14, 2017

FOR THE COURT:

                                            **s/Sue E. Myerscough**
                                            SUE E. MYERSCOUGH
                                      UNITED STATES DISTRICT JUDGE